# CIRCUIT COURT OF FAIRFAX COUNTY

Nawez Peshimam

    v.

Francisco Puebla et al.

    v.

Mubin Peshimam

December 18, 1992

Case No. (Law) 118095

BY JUDGE THOMAS S. KENNY

This case is before the Court on the Demurrers and Pleas in Bar of plaintiff and counter-defendant, Nawez Peshimam ("Nawez") and third-party defendant, Mubin Peshimam ("Mubin"). After hearing oral arguments on November 20, 1992, the Court took the matter under advisement. For the reasons set forth below, Nawez's Demurrer is sustained as to Count Four of the Counterclaim, and the rest is overruled. Mubin's Demurrer is sustained as to the Third-Party Motion for Judgment. Nawez's Plea in Bar is denied.

## Factual Background and Procedural Posture

The events giving rise to this litigation are provided in the plaintiff's Motion for Judgment and the defendants' Counterclaim and Third-Party Motion for Judgment. On March 22, 1992, Francisco and Elsa Puebla entered into a purchase and sales agreement for the purchase of a business known as Mikonos Grill. The Agreement of Sale was executed by the Pueblas, as purchasers, and by Mubin Peshimam as attorney-in-fact for "Hawab Peshimam," President of

"Mikonos, Inc."[1] On April 12, 1990, in accordance with the "Purchase Price/Terms" clause of the Agreement of Sale, the Pueblas executed a Promissory Note payable to Nawez Peshimam for $75,000 in further payment for Mikonos Grill.

The Pueblas claim that Mubin Peshimam agreed to spend approximately two weeks assisting them with running the Mikonos Grill as an inducement for the sale of the business. During the period that Mubin was helping them operate the business, the Pueblas allege that Mubin made certain representations that the business was in compliance with various county zoning ordinances and state and county fire regulations. The Pueblas assert that at a later time they found Mubin's representations to be false and that the representations constitute a willful and intentional misrepresentation of material fact relied on by the Pueblas.

Nawez filed the Motion for Judgment in this case on September 1, 1992, alleging that the Pueblas were in default under the terms of the Promissory Note. The Pueblas subsequently filed a Counterclaim against Nawez alleging actual fraud, constructive fraud, breach of contract, and mistake of fact in the sale of the business. The Pueblas also brought a Third-Party Motion for Judgment against Mubin who acted as attorney-in-fact for Nawez during the sale of Mikonos Grill. The Pueblas raised in the Third-Party Motion for Judgment against Mubin the same causes of action asserted against Nawez in the Counterclaim.

### Third-Party Motion for Judgment (Mubin's Demurrer)

The Third-Party Motion for Judgment attempts to have Mubin brought in as third-party defendant and be found jointly and severally liable with the counter-defendant, Nawez Peshimam, for claims based on the Agreement of Sale. Pursuant to Rule 3:10 (a) of the Rules of the Virginia Supreme Court, a defendant, as a third-party plaintiff, may file a third party Motion for Judgment against a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. Nawez's claim in the original Motion for Judgment concerns an alleged default by the Pueblas on the Promissory Note. Since the Third-Party Motion for Judgment

---

[1] The use of the name "Haweb Peshimam" was apparently a typographical error, as was the corporate name "Mikonos, Inc." According to the memorandum in support of their demurrer, the Peshimams state that the real name of the corporation was "Mikonos Grill, Inc.," and the president was Nawez Peshimam.

does not claim that Mubin is or may be liable for all or part of payments due pursuant to the Promissory Note, the Third-Party Motion for Judgment is not the proper vehicle for the Pueblas' claims against Mubin. Accordingly, Mubin's Demurrer to the Third-Party Motion for Judgment is sustained.[2]

## Counterclaim (Nawez's Demurrer)

Nawez first argues that the Counterclaim fails to state a claim for breach of contract against him since he is not a party to the Agreement of Sale which forms the basis of the Counterclaim. Nawez supports his claim only with the first sentence of the Agreement of Sale which states, "[t]his agreement made and entered into this 22nd day of March, 1990, by and between Mikonos Grill, hereinafter referred to as 'Seller,' and Francisco Puebla and Elsa Puebla, husband and wife, hereinafter referred to as 'Purchaser'." Nawez does not, however, claim that Mikonos Grill is a corporation or cite any other theory that would shield Nawez Peshimam, who executed the contract as President of Mikonos Grill, from personal liability. Thus, this argument in the Demurrer is overruled as to the breach of contract claim.

Nawez also asserts that the Counterclaim fails to state a claim for actual or constructive fraud since it fails to allege any actions taken by or on behalf of him in his individual capacity. The Demurrer will be overruled as to this claim since a principal is liable for the fraudulent acts of his agent committed during the performance of an act which is within the agent's authority. *Jefferson Standard Insurance Company v. Hedrick*, 181 Va. 824 (1943). Therefore, the Pueblas do not need to allege individual actions by the principal, Nawez, but can state a cause of action for fraud against Nawez based on the actions of his agent, Mubin, acting within the scope of his authority.

All other allegations in the Demurrer concerning the sufficiency of the fraud claims and damages are found to be without merit. However, the challenge in the Demurrer to Count Four of the Counterclaim is sustained since claims seeking rescission and reformation

---

[2] The Pueblas may have an independent claim against Mubin, which is not derived from the note, and if such a claim is brought, it may wind up being tried at the same time as the note action. In sustaining the Demurrer to the Third-Party Motion for Judgment, it is not my intention to preclude them from asserting this independent claim and seeking to consolidate it with the current action, if they be so advised.

based on mistake of fact should be brought on the equity side of the court, not the law side.

### Counterclaim (Nawez's Plea in Bar)

Nawez has filed a Plea in Bar claiming that the Pueblas' fraud claims are time barred by the applicable statute of limitations since the cause of action accrued by March 29, 1990, and the present suit was not brought until September, 1992. Section 8.01–243(A) of the Virginia Code provides that actions for fraud are governed by a two-year statute of limitations. The cause of action for fraud accrues when such fraud, "is discovered *or by the exercise of due diligence reasonably should have been discovered.*" Code, § 8.01–249(1). (Emphasis added.) In regard to whether Pueblas' claim is barred by this Code Section, counsel for Nawez argues that the Court should find that the cause of action accrued by March 29, 1990, the date that the Pueblas executed the purchase and sales contract for the sale of Mikonos Grill. Counsel for the Pueblas assert that the issue concerning when the fraud should have been discovered is a question for the jury.

At this time, I decline to rule that as a matter of law the fraud should have been discovered by the date the Pueblas executed the purchase and sale agreement. However, Nawez's plea is denied without prejudice and may be filed again if additional facts are discovered that demonstrate that there are no factual issues to be determined.